IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CASCADIA WILDLANDS, an Oregon
non-profit organization, OREGON WILD,
an Oregon non-profit organization,
UMPQUA WATERSHEDS, an Oregon
non-profit organization,

        Plaintiffs,

    v.

UNITED STATES BUREAU OF LAND
MANAGEMENT, a federal agency,

        Defendant.

Case No. 6:26-cv-00126-AP

**OPINION AND ORDER**

POTTER, United States Magistrate Judge:

Plaintiffs Cascadia Wildlands, Oregon Wild, and Umpqua Watersheds (collectively "Plaintiffs") bring claims against the United States Bureau of Land Management ("BLM" or "Defendant") for violations of the Federal Land Policy and Management Act ("FLPMA") and the National Environmental Policy Act ("NEPA") in connection with the 42 Divide Forest Management Project[1] (42 Divide Project). The American Forest Resource Council ("AFRC") and the Association of O&C Counties ("AOCC") (collectively, "Proposed Intervenors") move to intervene in this action pursuant to Fed. R. Civ. P. 24. *See generally* Mot. to Intervene, ECF No.

---

[1] The 42 Divide Project "involves a combination of regeneration harvest, commercial and non-commercial thinning, and fuels treatments in the Olalla Creek-Lookingglass Creek, Middle Fork Coquille River, Lower Cow Creek, and West Fork Cow Creek watersheds in Douglas County, Oregon, north and south of Highway 42, near Camas Valley." Compl. ¶ 69.

PAGE 1 – OPINION AND ORDER

8. Proposed Intervenors are advocacy organizations with "significant protectable economic, social, and ecological interests in ensuring active forest management occurs in ways that benefit local businesses and communities in Oregon." Mot. to Intervene 3. Plaintiffs do not oppose the Motion, and Defendant takes no position on the Motion. Mot. to Intervene 1. For the reasons discussed below, the Motion to Intervene is granted.

## DISCUSSION

Proposed Intervenors move for mandatory intervention under Rule 24(a)(2) or, alternatively, for permissive intervention under Rule 24(b)(2). Rule 24(a)(2) states that the Court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). A party seeking to intervene must show:

> (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.

*Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) (citation modified). The requirements are interpreted "broadly in favor of intervention" and "guided primarily by practical and equitable considerations." *Id*.

Here, the Proposed Intervenors have demonstrated significant protectable interests related to this litigation, and that the disposition of this action may impair or impede those interests. The Proposed Intervenors provided declarations outlining their interests in the 42 Divide Project, including the economic, environmental, and social interests. *See generally* Geissler Decl., ECF No. 9; Freeman Decl., ECF No. 10. The relief Plaintiffs are seeking includes declaratory and

PAGE 2 – OPINION AND ORDER

injunctive relief against the BLM, including an order to "withdraw any decisions or contracts made pursuant to the 42 Divide Project" and "[e]njoing BLM and its contractors, assigns, and other agents from proceeding with implementing the 42 Divide Project" until the BLM can demonstrate it has complied with the law. Compl. ¶ 168. Both declarations further demonstrate that the Proposed Intervenors' interests will not be well protected by the Defendant. Geissler Decl., ¶¶ 33-35; Freeman Decl., ¶ 17. Thus, Proposed Intervenors have adequately demonstrated that they have specific interests that may be practically impaired or impeded by the outcome of tis litigation.

In sum, the Court finds that Proposed Intervenors satisfy all requirements necessary for mandatory intervention under Rule 24(a)(2).

### CONCLUSION

For the reasons discussed above, the AFRC and AOCC's Motion to Intervene is GRANTED.


DATED this 23rd day of April, 2026.

                                        /s/Amy E. Potter
                                        AMY E. POTTER
                                        United States Magistrate Judge


PAGE 3 – OPINION AND ORDER